UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN CONRAD WILLIAMS,

        Petitioner,

v.

ERICK BALCARCEL,

        Respondent.
                                        /

Case No. 1:12-cv-1418

Honorable Janet T. Neff

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner presently is incarcerated at the Central Michigan Correctional Facility. He pleaded guilty in the Kent County Circuit Court to assault and battery, MICH. COMP. LAWS § 750.81, and involuntary manslaughter, MICH. COMP. LAWS § 750.321. On June 26, 2007, he was sentenced as a second felony offender, MICH. COMP. LAWS § 769.10, to imprisonment for 57 days for the assault conviction and nine to twenty-two years and five months for the involuntary manslaughter conviction. *See* Michigan Department of Corrections' Offender Tracking Information System at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=647531.

Petitioner sought leave to appeal his convictions and sentences to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal on July 24, 2008 and November 25, 2008, respectively.

Petitioner then filed a motion for relief from judgment in Kent County Circuit Court on January 21, 2010. The circuit court issued an order denying the motion on March 15, 2010. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's delayed applications for leave to appeal on April 14, 2011 and December 28, 2011, respectively, for failure to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner now raises the following three grounds for habeas corpus relief:

I.  THE DEFENDANT WAS DENIED HIS DUE PROCESS [] RIGHTS UNDER THE FOURTEENTH AMENDMENT TO BE SENTENCED BASED UPON ACCURATE INFORMATION, WHERE TRIAL COURT ERRONEOUSLY SCORED 25 POINTS UNDER OFFENSE VARIABLE 3[,] THUS[,] RESULTING IN AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS SET FORTH IN TOWNSEND V. BURKE.

II. THE DEFENDANT WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO INVESTIGATE AND PRESENT SUBSTANTIAL MITIGATING EVIDENCE DURING THE SENTENCING PHASE[.]

III. TRIAL [COUNSEL] FAILED TO OBJECT TO THE AMOUNT OF RESTITUTION WHEN HE TOLD DEFENDANT THAT HE WOULD APPEAL THE RESTITUTION.

(Am. Pet., docket #8, Page ID##86, 88, 92.)

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 25, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, February 23, 2009. Without the benefit of tolling, Petitioner had one year, until February 23, 2010, to file his habeas application.

As previously noted, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state

supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

Petitioner filed a motion for relief from judgment on January 21, 2010, when he had 33 days remaining in his limitations period. After the circuit court denied his motion, Petitioner filed delayed applications for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on December 28, 2011. Accordingly, the statute of limitations remained tolled until December 28, 2011. Thereafter, Petitioner had 33 days remaining in the limitations period, until January 30, 2012, in which to file his habeas petition. Petitioner filed the instant petition on or about December 31, 2012,[2] approximately eleven months after the statute of limitations expired. Thus, absent equitable tolling, the petition is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

---

[2] Petitioner's original habeas petition (docket #1) was not dated but it was received by this Court on December 31, 2012. The Court subsequently ordered Petitioner to file an amended petition on the form. Nevertheless, the Court will use the date of the filing of Petitioner's original habeas application to determine the timeliness of his habeas petition.

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: March 19, 2013            /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).