UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN CONRAD WILLIAMS,

               Petitioner,                      Case No. 1:12-cv-1418

v.                                                    Honorable Janet T. Neff

ERICK BALCARCEL,

               Respondent.
_____/

## ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON INTERLOCUTORY APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

        This is a habeas corpus action filed by a state prisoner. On March 19, 2013, the Magistrate Judge issued a report and recommendation denying Petitioner's application for habeas corpus relief as barred by the one-year statute of limitations. Petitioner has now filed a notice of appeal and a motion and brief for a certificate of appealability (docket ##12, 13).

        Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. The docketing fee for a case on appeal is $450.00. *See* 28 U.S.C. § 1913; Court of Appeals Miscellaneous Fee Schedule §§ 1, 11 (Nov. 1, 2011). In addition, under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court. Petitioner has failed to pay the required fees.

        Petitioner was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, he may continue that status on appeal unless this Court certifies that his appeal is not taken in good faith. Good faith is judged objectively,

and an appeal is taken in good faith when it seeks review of an issue which is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1961). Detailed reasons for dismissal of the petition were provided in the Magistrate Judge's report and recommendation (docket #9). The Court finds that the issues on which Petitioner might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $455.00 appellate fee to the Clerk of this Court within 28 days of this order. *See* 28 U.S.C. §§ 1913, 1917; Court of Appeals Miscellaneous Fee Schedule §§ 1, 11 (Nov. 1, 2011). Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

The Court also must decide whether grant a certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This Court recommended to deny Petitioner's application on procedural grounds of statute of limitations. "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly recommended to dismiss Petitioner's claims on the procedural grounds of statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner is DENIED leave to proceed *in forma pauperis* on interlocutory appeal. The Court certifies that the appeal is not taken in good faith. If Petitioner wishes to proceed with his appeal, he must pay the $455.00 appellate fee to the Clerk of this Court within 28 days of this order. *See* 28 U.S.C. §§ 1913, 1917; Court of Appeals Miscellaneous Fee Schedule §§ 1, 11 (Nov. 1, 2011). Alternatively, Petitioner may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in FED. R. APP. P. 24(a)(5).

IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability (docket #12) is DENIED.


Dated: April 16, 2013                   /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**